# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**KIM BARANOWSKI, as Administrator** }
**ad litem for Susan Kelly Pate, deceased,** }
}
    **Plaintiff,** }
}
v. }     **Case No. 7:11-CV-04340-RDP**
}
**MILLIS TRANSFER, INC.; GARY** }
**MITCHELL JOHNSON,** }
}
    **Defendants.** }

## ORDER

On August 20, 2013, the Magistrate Judge filed his Report and Recommendation in this case recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. (Doc. # 49). On September 3, 2013, Defendants filed objections to the Report and Recommendation. (Doc. # 50).

Having now carefully reviewed and considered *de novo* all of the materials in the court file, including the findings and recommendation and Defendants' Objections, the court is of the opinion that the findings are due to be, and hereby are, **ADOPTED**, and the recommendation is **ACCEPTED**.

The court notes that one of the objections made by Defendants was that the Magistrate Judge failed to separately address their motion for summary judgment on the issue of wantonness. After reviewing the record, and construing the facts in the light most favorable to Plaintiff, the court concludes that there is sufficient evidence to create a material issue of fact on the issue of wantonness as well as contributory negligence.

Defendants argue that speeding alone is insufficient to establish wantonness. However, there is (disputed) evidence from which a jury could conclude that Johnson was not only speeding, but doing so at a rate of speed over fifteen miles in excess of the speed limit, in a construction zone, and that he failed to use his brakes before striking the vehicle which was being driven by the decedent. (Doc. # 43-1 at pp. 29, 58; Doc. # 49 at 4-5). This, the court believes, is enough to create a question of fact for a jury to resolve on the issue of wantonness.

Defendants' Motion for Summary Judgment (Doc. # 39) is **GRANTED IN PART AND DENIED IN PART**. The Motion for Summary Judgment by Defendant Millis Transfer on Plaintiff's negligent entrustment and negligent hiring/supervision claims **GRANTED**. As to Plaintiff's remaining wrongful death claim against Defendants,[1] the Motion for Summary Judgment is **DENIED**.

**On or before October 25, 2013**, the parties **SHALL** meet and confer and file a joint report with proposed dates for both a pretrial conference and trial.

**DONE** and **ORDERED** this ___7th___ day of October, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] In cases in which death is caused by any form of tortious conduct, whether denominated negligence, wantonness, or negligent supervision, the exclusive remedy is the statutory cause of action for wrongful death. "[The Wrongful Death Act, Ala.Code 1975, § 6-5-410] remains the sole right of action for death under our law." *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241, 1243 (Ala. 1992), citing *Black Belt Wood Co. v. Sessions*, 514 So. 2d 1249 (Ala. 1986); *Mattison v. Kirk*, 497 So. 2d 120 (Ala. 1986), overruled on other grounds by *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241 (Ala. 1992).